UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────

MARCUS D. McKNIGHT,

              *Plaintiff*,

– against –

RECEIVABLE COLLECTION SERVICES, LLC,

              *Defendant*.

**MEMORANDUM & ORDER**
24-cv-02840 (NCM)(CLP)

**NATASHA C. MERLE**, United States District Judge:

    Plaintiff Marcus D. McKnight brings this action against defendant Receivable Collection Services, LLC, asserting that defendant violated the Fair Debt Collection Practices Act ("FDCPA"). Compl., ECF No. 1. For the reasons stated below, plaintiff's complaint is dismissed without prejudice and the Court grants plaintiff leave to file an amended complaint within thirty (30) days.

## BACKGROUND

    In July 2023, plaintiff reviewed his credit report on Experian and found a $3,104 trade line from defendant and allegedly owed to non-party Main Street Radiology. Compl. ¶¶ 9–11. Shortly after, plaintiff mailed a dispute letter to defendant at the address provided on defendant's website. Compl. ¶ 12. Plaintiff re-checked his credit report in September 2023 and found no indication that defendant's trade line was disputed. Compl. ¶ 14.

    Plaintiff brought this action in April 2024, and the Court subsequently ordered plaintiff to show cause why the action should not be dismissed for lack of jurisdiction. ECF Order Dated July 17, 2024. Plaintiff responded to the Court's order later that month. ECF No. 9 (the "Letter").

1

## STANDARD OF REVIEW

Federal courts have limited power to resolve cases and controversies. U.S. Const. art. III, § 2. For a case or controversy to exist, a plaintiff must demonstrate a "personal stake," known as Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).[1] To demonstrate standing, a plaintiff must show: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). Courts must independently analyze a plaintiff's standing, even in claims of statutory violations, for "an injury in law is not an injury in fact." *Id.* at 426–27.

In determining whether a harm is concrete, courts assess whether a harm has a "close relationship" to a traditionally recognized harm. *Id.* at 424. Concrete injuries may be tangible, such as monetary and physical harm, or intangible, such as reputational harm or disclosure of private information. *Id.* at 425. Where a plaintiff does not demonstrate concrete harm and therefore lacks standing, a case is properly dismissed for lack of subject matter jurisdiction. *See Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge, New York*, 98 F.4th 386, 391 (2d Cir. 2024).; *cf.* Fed. R. Civ. P. 12(h)(3) (requiring dismissal for lack of jurisdiction).

## DISCUSSION

Although plaintiff's Complaint and Letter lack clarity as to the basis of the harm alleged by plaintiff, the Court addresses the alleged injury under two theories: monetary and reputational harm. Both theories fail.

---

[1] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

First, plaintiff alleges that "[m]oney that could have been used for other bills was spent sending a dispute letter via certified mail." Letter at 2. Curiously, plaintiff does not argue that this led to a monetary harm. Instead, he argues the mailing "*caused* severe humiliation, headaches, emotional distress, and mental anguish and has also damaged Plaintiff's FICO scores." Letter at 2. (emphasis added). However, even assuming plaintiff was alleging he suffered a monetary harm, he simply states that money was spent to send the certified letter that could have been used for other bills. Letter at 2. Plaintiff's statement fails to provide any further information, such as the amount spent on mailing the dispute letter or bills that were not paid due to the expense.[2] Plaintiff's pleading is thus insufficient to plausibly plead standing for a monetary injury. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint does not suffice if it merely has "naked assertions devoid of further factual enhancement").

Second, plaintiff asserts intangible harm to demonstrate standing, but these allegations are also inadequate. Plaintiff's allegations of "severe humiliation, emotional distress, headaches, mental anguish, and damage to his FICO scores" are vague and conclusory. *See* Compl. ¶ 16. Courts have found similar claims insufficient to establish standing. *See, e.g., Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65–66 (2d Cir. 2021) (finding allegations of emotional harm and lower credit score, without more, were insufficient to demonstrate Article III standing); *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (allegations of "injury to [plaintiff's] credit worthiness," and "embarrassment, humiliation and other emotional injuries" insufficient, "[w]ithout more," for Article III standing); *Zlotnick v. Equifax Info. Servs., LLC*, 583 F.

---

[2] The Court does not assess whether the addition of those facts alone would be sufficient to establish standing.

Supp. 3d 387, 391 (E.D.N.Y. 2022) (allegations of "mental and emotional pain, anguish, humiliation, and embarrassment of credit denial" insufficient for Article III standing).

Furthermore, plaintiff's claim of intangible harm fails to suggest the FDCPA violation has a close relationship to the traditional harm of defamation. *See* Letter at 8. As noted in *TransUnion* and acknowledged by plaintiff, publication is essential to a defamation claim because "the mere existence of inaccurate information in a database is insufficient to confer Article III standing." *See TransUnion*, 594 U.S. at 434; Letter at 8.

Though plaintiff is not proceeding *pro* se, the Court takes the extra steps of searching the minimal information provided for any meritorious publication arguments. *Cf. McLeod v. Jewish Guild for the Blind,* 864 F.3d 154, 156 (2d Cir. 2017). It finds none. There are two possible means that the allegedly inaccurate information was published, neither of which plaintiff pled nor demonstrates standing.

Plaintiff could have pled that defendant published the inaccurate information to Experian, a credit reporting agency. However, courts have found that the credit reporting agencies "are not the type of third parties contemplated" for the purposes of establishing harm through communication to a third party, but rather, creditors are. *Spira v. Trans Union*, LLC, No. 21-cv-02367, 2022 WL 2819469, at *5 (S.D.N.Y. July 19, 2022); *see also Campbell v. Portfolio Recovery Associates, LLC*, No. 21-cv-01322, 2022 WL 657225, at *2 (E.D.N.Y. Mar. 4, 2022) ("[T]he distribution of inaccurate information to a credit reporting agency, as opposed to a potential creditor, similarly does not constitute or cause concrete injury for standing purposes."); *Lewis v. Old Navy,* No. 21-cv-09131, 2024 WL 98293, at *3 (S.D.N.Y. Jan. 9, 2024) (dismissing for lack of standing where a lower credit score was deemed insufficient harm and the only third parties receiving incorrect information were credit reporting agencies).

4

Plaintiff also could have alleged that unnamed creditors could have accessed the allegedly inaccurate information. However, *TransUnion* found no harm under this same defamation theory since there was no evidence that creditors actually accessed the reports. *TransUnion*, 594 U.S. at 433.

Thus, plaintiff's argument that he has "shown publication here through [the] evidence of third-party dissemination" is unsupported and without merit. Letter at 8.

Because the plaintiff did not plead sufficient facts to plausibly suggest that the defendant's statutory violation caused him to suffer a concrete injury as required by Article III, the Court does not have subject-matter jurisdiction over his claims.

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ P. 12(h)(3). The Court grants plaintiff leave to file an amended complaint within thirty (30) days of this Order. In his amended complaint, the plaintiff should allege additional facts to show that he has standing to bring those claims.

If plaintiff does not file an amended complaint within thirty (30) days, the Clerk of the Court shall be directed to enter judgment and close the case.

**SO ORDERED.**

                                      */s/ Natasha C. Merle*
                                      NATASHA C. MERLE
                                      United States District Judge

Dated:      September 23, 2024
              Brooklyn, New York